967 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Franklin L. ANTONE, Defendant-Appellant.
 No. 91-10417.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 3, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Franklin Antone appeals from his sentence, imposed following a guilty plea, for abusive sexual conduct in violation of 18 U.S.C. §§ 1153 and 2244(a)(1). Antone was resentenced following remand from this court, and he contends that the district court erred by not imposing a lesser sentence at resentencing due to his exemplary behavior in prison. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Antone was charged in a nine-count indictment with sexual offenses involving four victims under the age of 12. Pursuant to a plea agreement, he entered a guilty plea to Count I of the indictment and admitted the conduct alleged in Counts II-IX. The government agreed to dismiss counts II-IX and stipulated to a sentencing cap of seven years incarceration. At Antone's original sentencing, the district court departed upward from the applicable Sentencing Guidelines range and sentenced him to the seven year maximum allowed by the agreement. We vacated the sentence and remanded for resentencing, directing the district court to apply the version of the Sentencing Guidelines in effect at the time of Antone's offense and to give a specific explanation of its upward departure. United States v. Antone, No. 90-10461, unpublished disposition (9th Cir. May 21, 1991).
 
 
 4
 At resentencing, the district court gave specific reasons for its anticipated upward departure. Antone did not contest the district court's bases for departing upward, but argued that he should receive a lesser sentence than that originally imposed because of his model behavior while incarcerated between sentencing hearings. The district court accepted Antone's factual statements regarding his prison behavior, but once again departed upward to impose a term of seven years incarceration. On appeal, Antone again concedes the validity of the bases for upward departure, but argues that the district court was obligated to offset the original sentence by virtue of his good behavior.
 
 
 5
 We construe Antone's argument as a challenge to the reasonableness of the upward departure under 18 U.S.C. § 3742(e)(3). We will review the degree of an upward departure grounded on permissible bases to determine whether it is reasonable. United States v. Lira-Barraza, 941 F.2d 745, 751 (9th Cir.1991) (en banc). "[D]eparture sentences are to be determined in light of the structure, standards and policies of the [Sentencing Reform] Act and the Guidelines." Id. A district court lacks authority to resentence a defendant for post-sentencing conduct except as provided by Fed.R.Crim.P. 35(b).[1] In general, post-sentencing conduct is not a factor to be considered in calculation of an appropriate sentence. See generally 18 U.S.C. § 3553(a); and see, e.g., United States v. White, 925 F.2d 287, 286-287 (defendant's conduct on probation, while not completely irrelevant to sentence imposed following probation revocation, could not be used to support departure from range applicable at original sentencing).
 
 
 6
 Here, the district court articulated the following reasons for departing upward. First, it made a departure analogous to four offense levels because the applicable version of the Guidelines did not consider the fact that the victims were under age 12. Subsequent versions of the Guidelines provide for a four-level upward adjustment if the victim of an abusive sexual contact was under age 12, see U.S.S.G. § 2A3.4(b)(1), and Antone does not contest the validity of this guided departure. Second, the district court made a departure analogous to three offense levels because the Guidelines' multiple counts adjustment only incorporates the first six counts of the indictment, see U.S.S.G. § 3D1.4, while Antone admitted a total of nine counts of abusive conduct. Again, Antone does not contest the validity of this guided departure. Relying on these two grounds, the district court determined that the analogously applicable range would be 78 to 97 months. It departed upward to the 84-month cap established by the plea agreement.
 
 
 7
 Antone appears to argue that his good behavior in prison mandated a shorter sentence following remand, regardless of the district court's reasons for imposing the original sentence. This argument lacks merit. Antone conceded the facts underlying the departure and does not argue that the amount of departure on those bases was unreasonable. He provides no authority for the proposition that an otherwise reasonable upward departure must be altered to reflect post-sentencing circumstances. Although the district court may not have been precluded from considering Antone's post-conviction good behavior when calculating a discretionary upward departure, it certainly was under no obligation to do so. See, e.g., White, 925 F.2d at 287. Antone's sentence is valid.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rule 35 provides in relevant part that the district court shall "correct a sentence ... upon remand of the case to the court ... (1) for imposition of a sentence in accord with the findings of the court of appeals...." Fed.R.Crim.P. 35(a). In addition, the version of Rule 35 applicable to convictions before December 1, 1991 allows the district court to reduce a sentence upon motion of the government if the defendant has provided substantial assistance in the investigation or prosecution of another person after the original sentencing. See Fed.R.Crim.P. 35(b) (1987)